(Not for publication)                                                                                  (Docket Entry No. 16)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| JOHN B. FULLAWAY, | : |
| Plaintiff, | : Civil No. 06-5771 (RBK) |
| v. | : **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : |
| Defendant. | : |

**KUGLER**, United States District Judge:

Presently before the Court is a motion for counsel fees and costs filed by Philip Wolf, Plaintiff John B. Fullaway's attorney.[1] In this action, Plaintiff sought review of a final determination of the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits. On March 28, 2008, this Court vacated the Commissioner's decision and remanded the case for further development of the record before the Administrative Law Judge. Mr. Wolf then filed the motion for fees now before the Court. He seeks $3,121.00 for 18.75 hours of work and $350.00 for filing fees. The Commissioner has not opposed this motion. For the reasons set forth below, the motion will be granted.

---

[1] An attorney may not file a motion for fees on his own behalf, but Mr. Wolf's motion indicates that he has filed this motion on behalf of Plaintiff. See Phillips v. Gen. Servs. Admin., 924 F.2d 1577, 1582 (Fed. Cir. 1991).

1

The Equal Access to Justice Act provides that

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (2006). Thus, before awarding fees, the Court must determine whether Plaintiff is a prevailing party, whether the position of the Commissioner was substantially justified, and whether there are any special circumstances that would make an award of fees unjust.

First, the Court finds that Plaintiff is a prevailing party. This Court remanded Plaintiff's case pursuant to the fourth sentence of 42 U.S.C. § 405(g), which provides that the "[t]he [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2006). A plaintiff who obtains a sentence four remand is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993).

Second, the Commissioner bears the burden of showing that his position was substantially justified or that special circumstances would make an award of fees unjust. See Brinker v. Guiffrida, 798 F.2d 661, 663 (3d Cir. 1986) (stating that plaintiff who was prevailing party in action against Federal Emergency Management Agency "may be awarded attorney's fees unless the government meets its burden to show substantial justification for its position preceding as well as during the litigation, or demonstrates special circumstances making an award of fees

unjust"). The Commissioner, who did not file any opposition to Mr. Wolf's motion for fees, has not met this burden.

Finally, because Mr. Wolf has provided documentation to support his fee request, and because the Commissioner has not objected to the amount of fees requested, the Court will grant Mr. Wolf's request for $3,121.00 in attorney's fees[2] and $350.00 in filing fees. See United States v. Eleven Vehicles, 200 F.3d 203, 211 (3d Cir. 2000) ("[T]he district court may not award less in fees than requested unless the opposing party makes specific objections to the fee request.").

Mr. Wolf requests that the fees be paid directly to him. "The Court of Appeals for the Third Circuit has not ruled on whether EAJA attorney's fees are payable directly to counsel, but a review of other authorities suggests that the weight of precedent favors EAJA fee awards directly to the plaintiff." Monagle v. Astrue, No. 06-CV-3911, 2008 WL 1376845, at *1 (E.D. Pa. Apr. 9, 2008) (citing Manning v. Astrue, 510 F.3d 1246, 1249-50 (10th Cir. 2007); Phillips v. Gen. Servs. Admin., 924 F.2d 1577, 1582 (Fed. Cir. 1991); Panola Land Buying Assoc. v. Clark, 844 F.2d 1506, 1510 (11th Cir. 1988); Oguachuba v. I.N.S., 706 F.2d 93, 97-98 (2d Cir.1983)). Both the language of the EAJA and its legislative history indicate that EAJA fee awards should be awarded directly to the plaintiff. See Manning, 510 F.3d at 1249-51; 28 U.S.C. § 2412(d)(1)(A) (providing that fees shall be awarded "to a prevailing party").

---

[2] The fees requested are based on 18.75 hours of work at a rate of $166.46 per hour. The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Mr. Wolf computed the rate of $166.46 based on the CPI-U Index. The Third Circuit Court of Appeals has approved of the use of the Consumer Price Index to calculate a cost of living adjustment. See Allen v. Bowen, 821 F.2d 963, 967-68 (3d Cir. 1987).

For the foregoing reasons, Mr. Wolf's motion for fees is granted, but the fees shall be payable to Plaintiff John B. Fullaway, not to Mr. Wolf.


Dated:  6-1-09                             /s/ Robert B. Kugler
                                           ROBERT B. KUGLER
                                           United States District Judge